IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

GUY A. PLOUFFE, individually, and
on behalf of all others similarly situated,

**CLASS ACTION**

    Plaintiff,

vs.

LENDINGCLUB CORPORATION
a Delaware Corporation,

    Defendant.
_____/

**COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF**

Plaintiff, Guy A. Plouffe ("Mr. Plouffe"), individually, and on behalf of all others similarly situated, files this Complaint for Damages and Incidental Relief against Defendant, Lending Club Corporation, a Delaware corporation ("Lending Club"), and alleges:

*INTRODUCTION*

1.    The United States Congress has found abundant evidence that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system. An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers. Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers. There is a need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and respect for the consumer's right to

privacy.

## I.  PRELIMINARY STATEMENT

2. This is an action brought pursuant to 15 U.S.C. §1681 *et seq.,* known more commonly as the Fair Credit Reporting Act ("FCRA"), to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a  manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy and proper utilization of such information.

## II. JURISDICTION

3. The jurisdiction of this Court arises under 15 U.S.C. §1681 and 28 U.S.C. §1337.

4. This action arises out of Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §§1681-1681x ("FCRA").

5. Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §1391(b) because Defendant is subject to personal jurisdiction in the State of Florida, as Defendant has extended credit to persons in the State of Florida.  Further, Defendant is registered as a foreign corporation with the State of Florida Division of Corporations having a registered agent in Tallahassee, Florida.

## III.  ALLEGATIONS AS TO PARTIES

6. At all times material hereto, Mr. Plouffe is *sui juris* and a resident of Palm Beach County, Florida.

7. At all times material hereto, Mr. Plouffe was a "consumer" as said term is defined under 15 U.S.C. §1681a(c) and whose credit report was affected by an unauthorized inquiry.

8. At all times material hereto, Defendant, Lending Club was a Delaware corporation doing business in the State of Florida and more particularly in Palm Beach County, Florida.

9. At all times material hereto, Lending Club is or was engaged in arranging for consumer credit to persons in the State of Florida, more particularly in Palm Beach County, Florida.

10. Plaintiff, Guy A. Plouffe, individually, and on behalf of all others similarly situated, brings this class action to challenge the actions of Lending Club with regard to Lending Club's unauthorized and unlawful credit inquiry.

11. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

12. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

13. Any violation by Defendant was knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

14. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant named.

15. Plaintiff is informed and believes and, on that basis, alleges that Defendant's website is https://www.lendingclub.com.

16. According to the website, Lending Club services personal and business loans for third-party investors.

17. Mr. Plouffe is informed and believes and, on that basis, alleges that Lending Club acquired the credit information of Mr. Plouffe through an unauthorized inquiry of Mr. Plouffe's "consumer report," as said term is defined under 15 U.S.C. §1681 a(d)(1).

## IV. FACTUAL ALLEGATIONS

18.     In or about July 2014, Mr. Plouffe obtained an unsecured personal loan through the Lending Club (the "Debt" or "Account").

19.     On July 24, 2015, Mr. Plouffe filed for Chapter 7 Bankruptcy protection in the United States District Court for the Southern District of Florida, Case No.: 15-23328-PGH (the "Bankruptcy").

20.     The Debt was scheduled in the Bankruptcy and Defendant received notice of the Bankruptcy.

21.     On or about November 6, 2015, Mr. Plouffe received a bankruptcy discharge in the Bankruptcy ("Bankruptcy Discharge").

22.     Lending Club did not file any proceedings to declare the Debt "non-dischargeable" pursuant to 11 U.S.C. §523 *et seq.*

23.     Lending Club did not request relief from the "automatic stay" codified at 11 U.S.C. §362 *et seq.* while the Bankruptcy was pending to pursue Mr. Plouffe on any *personal* liability for any of the underlying Debt.

24.     Accordingly, the Debt that was serviced by Lending Club was discharged through the Bankruptcy.

25.     The Bankruptcy Discharge extinguished any relationship between Mr. Plouffe and Lending Club.

26.     Mr. Plouffe did not conduct any business, nor incur any additional financial obligations, to Lending Club since the date of the Bankruptcy Discharge.

27.     Upon review of his TransUnion credit report dated September 18, 2018, Mr. Plouffe discovered that, since at least March 8, 2017, Lending Club submitted unauthorized credit report

4

inquiries to TransUnion, a credit reporting agency, for "account review" reasons.

28. Upon discovering the unauthorized access to his credit reports by the Lending Club, Mr. Plouffe contacted the Lending Club by telephone to report the unauthorized credit report inquiry. In the ensuing discussion, the representative of the Lending Club apologized to Mr. Plouffe and represented to Mr. Plouffe that the inquiries would immediately stop.

29. Despite the promise by the Lending Club's representative that Lending Club would cease reviewing the credit reports of Mr. Plouffe, upon review of his TransUnion credit report dated January 25, 2019, Mr. Plouffe discovered that Lending Club submitted unauthorized credit report inquiries to TransUnion on a monthly basis since September 2018, including October 8, 2018, November 8, 2018, December 8, 2018, and January 9, 2019.

30. To his greater surprise, Mr. Plouffe also observed that the Lending Club had started a second account review cycle which resulted in Lending Club also accessing the TransUnion credit report on December 23, 2018 and January 13, 2019.

31. 15 U.S.C. §1681b delineates the only permissible uses of, or access to, consumer reports.

32. Lending Club's inquiry for Mr. Plouffe's consumer report information, without Mr. Plouffe's consent, falls outside the scope of any permissible use or access included in 15 U.S.C. §1681b.

33. Defendant should not have submitted a credit report inquiry after the bankruptcy discharge of Mr. Plouffe, as Defendant did not have any permissible purpose to access Plaintiff's credit report for "account review" purposes.

34. Defendant had no legitimate business need for the information in Plaintiff's credit report subsequent to the discharge of Mr. Plouffe.

35. Therefore, Defendant violated 15 U.S.C. §1681b, by using Plaintiff's consumer report for an impermissible use that falls outside the scope of 15 U.S.C. §1681b.

36. Defendant's actions were willful under 15 U.S.C. §1681n, because Defendant was aware of the FCRA's prohibitions on impermissibly pulling consumers' credit reports. *See, Doe v. Sentech Employment Services, Inc.* (E.D. Mich., May 16, 2016) [citing *Singleton v. Domino's Pizza, LLC*, 2012 WL 245965, *4 (D. Md., Jan. 25, 2012) stating "[A]ssertions that a defendant is aware of the FCRA, but failed to comply with its requirements, are sufficient to support an allegation of willfulness and to avoid dismissal"].

37. Plaintiff suffered an invasion of a legally protected interest when Defendant accessed Plaintiff's highly confidential personal information on Plaintiff's credit report at a time when Defendant had no right to do so, an invasion of Plaintiff's right to privacy. The FCRA, through 15 U.S.C. §1681b, protects consumers like Plaintiff from this precise behavior.

38. Plaintiff has a common law right to keep his personal credit information private. *See, e.g.,* Samuel D. Warren & Louis Brandeis, *The Right to Privacy*, 4 Harv. L. Rev. 1155, 193 (1890). Congress sought to further protect that right by enacting the FCRA. Indeed, the common law tort of intrusion upon seclusion is preempted by the FCRA, and the FCRA expressly provides that Congress made the following finding: "There is a need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality and a respect for the consumer's right to privacy." 15 U.S.C. §1681a (4).

39. Plaintiff was affected personally because when Plaintiff became aware of the above-described conduct of Defendant, i.e. pulling his credit reports without any authorization, Plaintiff felt his privacy had been invaded and that his personal and private information had been disclosed to Defendant who had no right to Plaintiff's private information. Defendant's behavior

6

caused Plaintiff to suffer mental and emotional distress as a result of Defendant's invasion of Plaintiff's privacy.

40. The injury suffered by Plaintiff is concrete because Defendant's violation of 15 U.S.C. §1681b caused Plaintiff to suffer from Defendant's invasion of Plaintiff's privacy. In enacting 15 U.S.C. §1681a (4), Congress specifically sought to protect consumers from invasions of privacy and created restrictions on access to consumers' sensitive financial information in their credit reports.

41. Further, Defendant increased the risk that Plaintiff will be injured if there is a data breach on Defendant's computer systems by acquiring additional highly sensitive information about Plaintiff and the class members and saving that information onto its computer systems. Data breaches are increasingly common (*see, e.g., Data Breaches*, Kerbs, *available* at http://krebonsecurity.com/category/data-breaches/), and financial institutions like Defendant are frequent targets of cybercriminals (*see, e.g., The Top 8 Largest Data Breaches in the Financial Services Industry*, Association of Certified Financial Crime Specialists, *available at* http://www.acfcs.org/the-top-8-largest-data-breaches-in-the-financial-services-industry/).

42. As such, Plaintiff is entitled to the remedies available under 15 U.S.C. §1681n and 15 U.S.C. §1681o.

## V.  DEFENDANT'S PRACTICES

43. It is or was the policy and practice of Defendant to pull the consumer report of individuals without their authorization or consent in violation of 15 U.S.C. §1681.

## VI.  CLASS ACTION ALLEGATIONS

44. Plaintiff brings this action on behalf of himself and a class consisting of:

> All persons whose consumer credit report from any of the three national credit reporting agencies (Transunion, Equifax and Experian) reflects an

7

unauthorized consumer credit report inquiry by Defendant after bankruptcy discharge within the past five years.

("the Class")

45. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the Class members number are in the hundreds, if not more. This matter should, therefore, be certified as a Class action to assist in the expeditious litigation of this matter.

46. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, engaged in illegal and deceptive practices, when it submitted an unauthorized consumer report inquiry under 15 U.S.C. §1681 *et seq.* Plaintiff and the Class members were damaged thereby.

47. This suit seeks only recovery of actual and statutory damages on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted, as facts are learned in further investigation and discovery.

48. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Defendant's records or Defendant's agents' records.

49. There is a well-defined community of interest in the questions of law and facts involved affecting the parties to be represented. The questions of law and facts to the Class predominate over questions which may affect individual Class members, including the following:

    a. Whether, within the five years prior to the filing of this Complaint, Defendant or its agents submitted any consumer credit report inquiries after the accounts of members of the Class have been discharged through bankruptcy; and

   b. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violations.

50. As a person who suffered an unauthorized consumer credit report inquiry by Defendant on his credit report, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interest of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

51. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

52. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Fair Credit Reporting Act.

53. A class action is the superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for FCRA violations are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

54. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate declaratory relief with respect to the Class as a whole.

## COUNT I – VIOLATION OF THE FAIR CREDIT REPORTING
## 15 U.S.C. §§ 1681-1692C ("FCRA")

55. Plaintiff realleges and reaffirms the allegations contained in paragraphs 1 through 54 above as if set forth hereat in full.

56. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

57. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. §1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. §1681o(a)(2), from Defendant.

58. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100 and not more than $1,000, and such amount as the Court may allow for all other class members, pursuant to 15 U.S.C. §1681n(a)(1)(A); punitive damages as the Court may allow, pursuant to 15 U.S.C. §1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. §1681n(a)(3) from Defendant.

## PRAYER FOR RELIEF

Plaintiff, Guy A. Plouffe, individually, and on behalf of all others similarly situated, request the Court grant Plaintiff, and the Class members, the following relief against Defendant:

    A. An order certifying the Class;

    B. An order certifying the undersigned counsel as Class Counsel;

    C. A declaratory judgment that Defendant's actions, as discussed herein, are unlawful and an invasion of privacy;

    D. An order requiring Defendant, at its own cost, to notify all members of the Classes of the unlawful acts discussed herein;

    E. Injunctive relief stopping Defendant from further impermissible pulls;

  F. Actual damages suffered by Plaintiff and each Class member, pursuant to 15 U.S.C. §1681o(a)(1), against Defendant;

  G. Statutory damages of not less than $100 and not more than $1,000 to Plaintiff and each Class member, pursuant to 15 U.S.C. §1681n(a)(1), against Defendant;

  H. An award of any such amount as the Court may allow for all other Class members, against Defendant;

  I. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. §§1681n(a)(3) and 1681o(a)(2), against Defendant; and

  J. Any other relief the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Guy A. Plouffe, an individual, pursuant to Rule 38(b), Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

DATED on this 19th day of March, 2019.

            /s/ *Robert W. Murphy* _____
            ROBERT W. MURPHY, ESQ.
            Florida Bar No.: 717223
            1212 S.E. 2nd Avenue
            Fort Lauderdale, FL 33316
            Telephone:  (954) 763-8660
            Facsimile:   (954) 763-8607
            E-Mails: rphyu@aol.com;
            rwmurphy@lawfirmmurphy.com;
            legalassistant@lawfirmmurphy.com

            ***Counsel for Plaintiff***